I will like to reserve two minutes for rebuttal. Under Oregon law, for example, two young men roughhousing with baseball bats, hockey sticks, or in full uniform with football helmets could cause any kind of physical injury, could be convicted of assault too. Under the wording to knowingly. What Oregon case can you cite me where people playing hockey got prosecuted for assault too? I don't have any cases that reach the appellate level of that. I'm saying that it's by statutory definition. Hasn't the Supreme Court told us in Duenes-Alvarez that it's not hypothetical possibility that we look at, but it's the typical assault in the second degree case that we have to look at? Yes, it did. All right. And in this case, your client was indicted, as I understand it, for a gang attack with cudgels in which they beat the victim. And the question is whether or not that ought to count as an enhancement, right? The record did not suggest that it was a gang attack in which they cudgeled the victim. He was accused of knowingly engaging in the conduct with bats, pipes, sticks, with six other people, resulting in simple physical injury. All right. And the State indicted under the same statute, the State can allege intentional conduct resulting in physical injury, and it did not. It said it was knowing conduct. And the Oregon courts have said that it requires that basically he know that in the course of the – that he know that his actions are likely to result in injury. No. The Oregon courts have specifically said the opposite. Under State v. Barnes in 1999, the Oregon Supreme Court reading – was reversing the Oregon court of appeals for having said exactly that. What it said in Barnes was that knowingly modifies only the conduct. Right. So we have conduct versus result. Correct. Okay. And in this case, he was charged basically with knowingly striking the victim with these various weapons. Correct. Along with five others. Correct. Okay. My example, though – What am I – what am I missing here? Because that would also encompass knowingly striking someone with no intent to injure. And so although it is assaultive conduct, no one is saying that doesn't involve some level of physical violence. What we are arguing is that it doesn't rise to the level of purposeful, violent, and aggressive conduct necessary for that guideline enhancement under 4B1.2. That's your categorical argument. But if we then move to the modified categorical approach, isn't there enough in the indictment alone from which the district court could conclude that this is a crime of violence? No, Your Honor, because the indictment says knowingly. And knowingly is the problem here. Knowingly under Oregon law permits conviction of that offense without any specific intent to injure, without any intent to harm, without any harassing conduct whatsoever. It requires only the knowing striking. But why shouldn't we apply the residual clause under the sentencing enhancements in order to conclude that this is one of those other cases? Did you say why shouldn't we? Yeah. Why shouldn't we not? I just – I wasn't quite following your argument here, because I thought this was all about the residual clause. Otherwise involves conduct that presents a serious potential risk of physical injury to another. And if you take up pipes, sticks, and baseball bats and strike somebody with them, why isn't that conduct, which under your definition of knowingly we look at, the conduct that presents a serious potential risk of physical injury to another, whether he actually visits serious physical injury on the victim or not? The distinction we're making is not whether he actually visits that injury. It's whether he intends to. And the reason and the difference is that it may indeed – But you just told me it was conduct. I'm having a hard time following your argument. If I'm focusing just on the conduct, the conduct, as I understand it, is in the taking up of the cudgel and striking the victim. There is no doubt that that conduct is in some fashion using physical force and, therefore, violent. But what Begay tells us – If you take up a pipe or a baseball bat and he picks it up and he strikes somebody with it, why doesn't that fall within the residual clause of conduct that otherwise involves a serious risk of injury? Because to knowingly do that does not require the intent to do that. And the residual clause isn't just about the serious potential risk of injury. It also must be akin to the crimes of burglary, arson, extortion, or crimes involving explosives. That's what Begay told us. It's not just a crime of violence in that physical force was used. It has to be serious, like those other crimes. Now you're back to your categorical argument, and I'm trying to get you to answer my question on the modified categorical approach. Why isn't that enough under our precedent to enhance? Because the wording of the indictment does not narrow the offense sufficiently to solve the problem I'm talking about. But if I accept your definition of knowingly, why doesn't it meet the residual clause? That's where you're losing me in your logic. Because, for example, as the Oregon Supreme Court has said, knowingly doesn't mean what knowingly means most of the time in Oregon. It's a rare definition. Counsel, all I'm looking at is conduct. The knowingly, the knowing use of the weapon, which by its inherent nature in striking somebody with it, is capable of producing serious injury. Whether it does or not, I don't have to conclude, do I? No. But what you do have to conclude is whether someone meant violence by doing that. And you don't always mean or intend violence, hence the examples of roughhousing. Young people do that all the time. Now you're back to categorical. I'm looking at modified categorical. I'm looking at the wording of the charging instrument which your client was convicted of. Why can't the sentencing judge look at the language of the indictment and conclude that it falls within the residual clause? Because what the court knows from the language of the indictment is that a group of young men, knowingly, meaning they picked these things up, they knew they struck, and they had a series of instruments, and that that caused some level of physical injury. But you told me that it doesn't matter whether it was serious or not. All they have to prove under Oregon law is that they did the conduct knowingly. That's correct. And he admitted he was convicted of that under the language of the indictment. That's correct. So why shouldn't we enhance? Shouldn't enhance because the residual clause, like 4b1.2, is talking about the most serious kinds of crimes of violence. When a person is not proved to have intended any sort of violence or didn't act with intent, you can't infer that the person was acting with such intentional aggressiveness. Doesn't your whole argument turn on your interpretation of Begay? I would say that must be true, yes. Right. I mean, you basically argue, you're arguing that Begay requires proof of purposeful conduct. That the offense of conviction must include as an element some purposeful conduct, yes. That's the way you read Begay, but that's not what Begay says. Well, in addition to that, the First Circuit, the Eighth Circuit, and the Tenth Circuit takes a view opposite yours. We're not bound by them, but I'm interested in your view on Almanis, Wilson, and Rooks. They've come to the opposite conclusion than you have on Begay and its application of this type of crime. Are you familiar with those cases? No, Your Honor, I'm not. Okay. May I answer the question, though, and reserve the time for rebuttal, if I may? Certainly. What Begay was describing was the difference between the crime like the driving under the influence offense at issue there, which obviously is the kind of offense that can involve a serious potential risk of physical injury, but did not indicate the kind of purposeful, violent, and aggressive conduct at which these enhanced penalties are aimed. It's not the sort of prior conviction that suggests that the offender is among the most serious offenders and should be punished to the fullest extent of the law. My understanding of Begay is that it looks to the crime and asks, does this particular crime of conviction that you're using for the predicate offense, does it typically involve purposeful conduct? And doesn't the conduct here, this assaultive conduct, typically involve purposeful conduct? The problem with that is the way in which Oregon, in this case, indicted the offense and defined it. Just let me ask, does it involve purposeful conduct or not? The problem is whether it's the typical assault. That's the problem. He wasn't indicted with the typical assault is intentional. That's the typical crime. So this crime typically doesn't have this intent element. The Oregon version is not. Sotomayor, talking about it, it just – well, it's just we're not on the same wavelength with respect to how you interpret Begay, apparently. I don't read Begay as requiring an element that the predicate offense have as an element, a showing of purposeful conduct. Even if Begay says – It's a very fine distinction. Even with that distinction, Your Honor, with the typical offense involving purposeful conduct, that becomes a bit of a trap, because then the typical offense – whenever we talk about assault in the second degree, I think any person ordinarily assumes some intentional conduct. And that's the problem here. Oregon's assault too is not a typical offense. But you didn't answer Judge Tallman's question about the modified categorical analysis. He said let's get off the categorical, go to the modified categorical, and he kept going back to the categorical. So you kind of keep – you say it's not one thing, we take you to the second one, you go back to the first one again and say it's not that. So you can't win an argument with what it's not. May I try to clarify what my answer was in that one? Yeah, and then we probably ought to go to the next one. Very well. I'm saying that what the indictment does is not narrow the facts sufficiently to make the modified categorical approach any more useful in answering the question. Thank you. I'll give you a minute for rebuttal. May it please the Court, Stephen Pfeiffer for the United States. The Court asked us in an order to address whether the Court should limit itself to simply the subsection that applies here and cited the Mendez case for that proposition. And I agree the Court could do that, could simply limit itself to the subsection. It's sort of a form of the modified categorical approach where you don't look at the whole statute, you just look at the one. I thought that's what we were supposed to do. Well, I think you can do that, and you can also make a broader inquiry, whether the whole statute. I think it's pretty clear that he was convicted under 163.175.1b. Yes. And that, in my estimation, is clearly a crime of violence. If you read the indictment and you read the judgment. That's what he was convicted under, right? It pretty much looks, it seems pretty clear that he was convicted under, as I said, 163.175.1b. Okay. And so I'll limit myself to that subsection because other subsections do involve other mental states. Yes, Your Honor. I was just going to say, I mean, isn't that the approach that we've taken in looking at the Washington assault statute? We've taken it subsection by subsection. Right. Yeah. I just wanted to answer the Court's question. That's what you could do, should do. So the first inquiry is whether or not it's, you know, categorically a subsection. Right. And that's what I'm going to do first. And the question is, the standard is, is the statute broader than the generic crime, in this case, aggravated assault? And the guidelines make it clear in application note 1 that aggravated assault is a denominated crime of violence. So what is generic aggravated assault? Why doesn't this fit better under the residual clause? It can. I'm just, there are three different ways to approach it. And I thought that arguing of aggravated assault was better because here there's a clear history of where the statute came from, from the model penal code, and how similar it is, almost identical to the model penal code. If you have to, if you take that approach, I mean, it requires a very, a very complicated analysis to get to the results you're advocating for. So first tell me, why don't you tell me first why it doesn't satisfy the residual clause, or why it does satisfy the residual clause? It satisfies the residual clause because it does involve the violent, aggressive behavior that wasn't involved in Begay in the drunk driving case. And wasn't the way defense, the way counsel here is interpreting Begay, she's saying that Begay requires, as an element of the offense, intentional, purposeful conduct. No, it doesn't say that, and neither does Chambers. Chambers came later and dealt with a crime of inaction, of simply not reporting to serve a sentence. And they said, well, that's not a crime of violence. And it never said that you have to have the intent, the criminal intent to cause the assaultive conduct as a result. So are you limiting Begay to the fact that if you simply get behind the wheel of your car while intoxicated, it's true that a car is a dangerous weapon, depending on how it's used, but the mere fact that an intoxicated driver operates it on a public roadway does not mean that he or she intends harm to somebody else that they might collide with. That's exactly what the Supreme Court was saying in Begay, that it doesn't rise to that level of conduct. And I don't see anything in Begay or in the later case, Chambers, which defines purposeful to be identical to a criminal intent, that you have the specific intent to harm somebody. Okay. And if that's the important thing. Here, can you respond to opposing counsel's argument that under the modified categorical approach, the language of the indictment is not sufficient to show that purposeful conduct? Say that again. Well, as I understood her argument, it is that notwithstanding the language of the indictment, which reads that Cruz did unlawfully and knowingly cause physical injury to Elmer Stewart by means of dangerous weapons, to wit, clubs, pipes, and baseball bats by hitting Elmer Stewart with said weapons, that that is not sufficient under the modified categorical approach to permit us to conclude that Cruz engaged in knowing and purposeful conduct. I think that under the definition of knowing in Oregon, we have to apply that definition, that under the definition of knowing in Oregon, he had to have been aware of his conduct and the circumstances of the conduct. And the circumstances were that he – that they were basically injuring somebody with these weapons. And that sounds purposeful to me, that when you're aware of those – of the situation, aware of your conduct, aware of the circumstances, and you must be aware of what you're And falls within the residual clause. Right. That would make it a categorical. Not – you don't have to get to the modified categorical approach here, correct? Right. Modified categorical is useful here because we know what he used. We're not – there's no question. But the first question, you don't get to the modified categorical approach unless you determine that it's not categorically a crime of violence. Right. For example, modified categorical approach usually comes up in burglary cases where you're trying to determine whether the structure is, say, a residence or a regular building, and that's – that's a factual thing that's incorporated into the indictment or into the pleading documents. The way I understand your opposing counsel's argument is that under the – under Oregon law, under Oregon law's definition of knowing as used in the statute, it's something less than purposeful under the – under the elements of the statute. If you go to Begay, but Begay doesn't require for purposes of the residual clause that the offense has as an element. Right. Purposeful. It just asks typically does it involve conduct. Does it typically involve conduct that's purposeful in nature? Right. And if you look at this, assault, it's – you know, it sort of satisfies the requirements of Begay. Now, this Court in the Esparza case, Esparza-Herrera, interpreting the Arizona assault statute, said that recklessness under circumstances manifesting extreme indifference to the human life suffices for a culpable mental state for assault as a crime of violence. That's a floor. This is above the floor. The test should be does it fit within the generic definition, and it would. If you – the Court held that in Esparza. I think it's controlling law as far as what the floor, the bottom culpable mental state. We have these hierarchies, this hierarchy of culpable mental states in Oregon and other states, and Oregon is well within the generic definition because of its culpable mental state, in this case, being knowing, which is above reckless indifference to human life. Any other questions, Your Honor? Thank you. If I may, to speak to this issue of the mental state of recklessness showing extreme indifference as a floor in the Assault II statute, that's absolutely incorrect under Oregon law. That would suggest that the C provision is a lesser-included offense of the B provision. And this is also in part responsive to the Court's question about Mendez. Assault II under Oregon law, using the knowingly mental state, is a completely unusual characterization of the crime. Because of awareness of your conduct. Correct. And the C provision, this floor, is not at all included in that. Because your argument with respect to the element of knowing in the Oregon statute. But I don't think – but I still don't – just because it has – Oregon has this different and unique definition of knowing, doesn't mean, you know, it doesn't undermine how you read Begay. No. And I will accept the reading of Begay that you have suggested and still argue that this crime doesn't qualify primarily because of the context of what the Court is doing. Was this crime somehow violent? Yes, indeed, it was. But is it of the sort of violence, even typically, is this kind of assault II typically in Oregon, one that manifests that sort of purposeful conduct? And the answer to that question is no, that someone convicted of this. That little statement you just made right there, the question of Federal law, not of State law. The question of Federal law. Does it involve conduct that's typically purposeful? That's correct. But State law controls the question of the definition. State law controls the – how the crime is defined, the elements of the crime under State law. Yes, that's correct. And the Supreme Court just articulated that again yesterday. Yes. Thank you. Thank you.
judges: Paez, Tallman, Smith M.